# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-MC-053-RJC-DCK

| | |
|---|---|
| D.R. HORTON, INC., and DOUG BROWN, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NVR, INC., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Non-Parties D.R. Horton, Inc.'s and Doug Brown's Motion To Quash NVR, Inc.'s Subpoena Duces Tecum And Subpoena Ad Testificandum And Motion For Protective Order" (Document No. 1) filed March 10, 2016; and "…NVR, Inc.'s Motion To Transfer Matters Relating To The Horton Parties' Subpoenas To The District Of New Jersey Pursuant To Rule 45 (F)" (Document No. 7) filed April 11, 2016. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will grant the motion to transfer, and direct that the pending motions to quash and for a protective order be transferred to the United States District Court for the District of New Jersey.

D.R. Horton, Inc. ("Horton") and Doug Brown ("Brown") (together "Petitioners") initiated this action with the filing of their pending motion seeking to quash subpoenas (Document Nos. 1-9 and 1-10) served on Brown. See (Document Nos. 1 and 2). The subpoenas were issued by NVR, Inc. ("NVR" or "Respondent"), which is currently the Plaintiff in a matter pending in the United States District Court for the District of New Jersey; NVR, Inc. v. Jonathan Davern, 1:15-cv-05059-NLH-KMW (the "New Jersey action"). (Document No. 2, p.6). In the New Jersey action, NVR

has filed an eight-count complaint against Jonathan Davern ("Davern") based on allegations that Davern improperly removed from NVR confidential and proprietary information. (Document No. 2, pp.7-8). Davern is a former NVR employee who now works for Horton, and reports to Brown. (Document No. 2, p.7). Horton and NVR are competitors in the home construction industry. (Document No. 2, p.6).

Petitioners assert that the document subpoena is improper because it seeks Horton's confidential, proprietary, and competitively sensitive business information that is unrelated to the underlying New Jersey action. (Document No. 2, pp.11-21; Document No. 1-9). In addition, Petitioners assert that the document subpoena is overbroad, unduly burdensome, and seeks irrelevant information. <u>Id.</u> In the alternative to quashing, Petitioners request that this Court modify the document subpoena to protect Horton's and other third-parties' confidential or private information. (Document No. 2, pp.21-22). Similarly, Petitioners seek an appropriate protective order to limit the scope of the deposition subpoena also issued to Brown. (Document No. 2, p.22; Document No. 1-10).

Respondent NVR filed a "…Memorandum Of Law In Opposition To Motion To Quash Subpoenas And For Protective Order…" (Document No. 6) and a "…Motion To Transfer Matters Relating To The Horton Parties' Subpoenas To The District Of New Jersey…" (Document No. 7) on April 11, 2016. NVR contends its subpoenas are valid, and that they seek relevant and necessary information. (Document No. 6).

By its motion to transfer, NVR notes that a virtually identical motion to quash (and a request for protective order) was filed by Davern in the New Jersey Action. (Document No. 7, p.1) (citing 1:15-cv-050509-NLH-KMW, (Document No. 97) (D.N.J. Mar. 14, 2016)). Moreover, similar motions to quash and transfer have been filed in the Northern District of Texas in <u>NVR,</u>

Inc. v. Davern, et al, 4:16-mc-010-BJ, (Document Nos. 1 and 8) (N.D.Tex. Mar. 10, and Apr. 14, 2016) (the "Texas action").

NVR argues that transfer to New Jersey will foster judicial economy, eliminate the risk of inconsistent decisions, avoid disrupting the New Jersey court's management of the underlying litigation (which includes a **May 27, 2016** discovery deadline), and enable the court most familiar with the case to decide relevancy questions that require a detailed understanding of the underlying action. (Document No. 7).

After careful review of all the filings in this action, as well as a review of the dockets for the New Jersey action and the Texas action, the undersigned finds Respondent NVR's arguments persuasive. The undersigned is inclined to believe that there are exceptional circumstances supporting the motion to transfer. In particular, judicial economy, efficient case management, and the administration of justice are likely best served by transfer to New Jersey. The alternative presents the likelihood of inconsistent orders and deadlines regarding subpoenas and/or protective orders from three (3) different United States District Courts.

**IT IS, THEREFORE, ORDERED** that "…NVR, Inc.'s Motion To Transfer Matters Relating To The Horton Parties' Subpoenas To The District Of New Jersey Pursuant To Rule 45 (F)" (Document No. 7) is **GRANTED**. The "Non-Parties D.R. Horton, Inc.'s and Doug Brown's Motion To Quash NVR, Inc.'s Subpoena Duces Tecum And Subpoena Ad Testificandum And Motion For Protective Order" (Document No. 1) shall be **TRANSFERRED** to the United States District Court for the District of New Jersey, Camden, New Jersey, for consideration in the related action before that Court - NVR, Inc. v. Jonathan Davern, 1:15-cv-05059-NLH-KMW.

**SO ORDERED**.

Signed: May 20, 2016

David C. Keesler
United States Magistrate Judge